**BING ER GUO, aka Ping Ah Kwok, Petitioner,**

v.

**Eric H. HOLDER, Jr.,\* United States Attorney General, Respondent.**

**No. 07–4657–ag.**

United States Court of Appeals, Second Circuit.

Nov. 18, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former

Acting Attorney General Peter D. Keisler as respondent in this case.

Marco Pignone III, Philadelphia, PA, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Michelle Latour, Assistant Director; Hannah Baublitz, Attorney; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Bing Er Guo, a native and citizen of the People's Republic of China, seeks review of a September 28, 2007 order of the BIA denying her motion to reopen. *In re Bing Er Guo,* No. A077 281 223 (B.I.A. Sept. 28, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008).

The BIA did not err in denying Guo's untimely motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C); *see also* 8 C.F.R. § 1003.2(c)(2). Guo argues that the BIA erred in concluding that she failed to produce evidence demonstrating material changed country conditions sufficient to excuse the untimely filing of her motion to reopen. However, this argument fails because we have previously reviewed the BIA's consideration of evidence similar to that which Guo submitted and have found no error in its conclusion that such evidence is insufficient to establish either material changed country conditions or a reasonable possibility of persecution. *See Jian Hui Shao,* 546 F.3d at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).